```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


                              )
   EVERETT SCHOFIELD,          )
                              )
        Plaintiff,             )
                              )
        v.                     )     C.A. No. 04-12484-WGY
                              )
   JAY GREEN, ED KELLY,        )
   JUDITH M. LYONS, and        )
   JULIE CIMINO,               )
                              )
        Defendants.            )
```

MEMORANDUM AND ORDER OF DISMISSAL

YOUNG, C.J.

For the reasons stated below, I order that the civil rights action of plaintiff Everett Schofield be dismissed and I deny as moot the plaintiff's application to proceed without prepayment of the filing fee.

FACTS

Schofield is currently incarcerated at the Old Colony Correctional Center in Bridgewater, Massachusetts. On November 12, 2004, Schofield filed a civil rights complaint in which he alleges that he was unlawfully prosecuted for and convicted of the February 26, 2004 robbery, assault, and battery of defendant Julie Cimino. Schofield alleges that Suffolk County assistant district attorney Julie M. Lyons, Boston police officers Jay Green and Ed Kelly, and Cimino and

all knew that Schofield did not commit the crime at issue yet prosecuted or assisted in the prosecution of Schofield. Schofield has alleged that the defendants' alleged misconduct violated his civil rights and is therefore actionable under 42 U.S.C. §§ 1983 and 1985.  In his prayer for relief, Schofield requests that the court (1) issue a declaratory judgment "affirming" the plaintiff's allegations; (2) enjoin the defendants from "further violating plaintiffs [sic] civil righ[t]s"; and (3) award the plaintiff compensatory damages in the amount of $300,000 ($75,000 from each defendant).  Compl. § 19.

Schofield also filed an application to proceed without prepayment of the $150.00 fee for filing his complaint.

## DISCUSSION

I.   The Court May Screen this Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, a summons does not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of 28 U.S.C. § 1915.  Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening.  Both § 1915 and § 1915A

authorize federal courts to dismiss complaints sua sponte if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); see Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted) (sua sponte dismissal appropriate where allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption).

II. Plaintiff's Damages Claims Are Barred by the Favorable Termination Rule

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that where a prisoner seeks damages for an allegedly unconstitutional conviction, he has no cause of action under § 1983 because the success of the suit would effectively invalidate the prisoner's underlying conviction and sentence. Heck, 512 U.S. at 486-487. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. Id. at 486. The holding of Heck has been extended to other sections of the Civil Rights Act. See, e.g., Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999)(holding Heck applies with respect not only to § 1983 claims but also to claims under 42 U.S.C. §§ 1981, 1985(3) and 1986); accord Martinez v. Ensor, 958 F. Supp. 515, 517-518 (D. Col. 1997) (§§ 1981 and 1985).

    Here, the success of plaintiff's suit would necessarily imply the invalidity of his criminal conviction because Schofield is claiming that he was falsely arrested, wrongly charged, and that a conspiracy involving the alleged victim, the prosecuting attorney, and police officers resulted in his wrongful conviction. He has not alleged that an authorized tribunal or executive body overturned or otherwise invalidated his convictions. Consequently, Heck bars plaintiff's claims and is a sufficient basis, in and of itself, to dismiss them. Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998) (dismissing); accord White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) (dismissing; habeas corpus is the only permitted mode of federal collateral attack on a state conviction).

## CONCLUSION

Accordingly, plaintiff's complaint is DISMISSED, and the plaintiff's application to proceed to proceed without prepayment of the filing fee is DENIED AS MOOT.

SO ORDERED.

Dated at Boston, Massachusetts, this  14th  day of December , 2004.

                                         /s/ William G. Young   
                                        UNITED STATES DISTRICT JUDGE